# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**                                                                 Tel: 718-740-1000
Email: abdul@abdulhassan.com                                                              Fax: 718-740-2000
*Employment and Labor Lawyer*                                                     Web: www.abdulhassan.com

**February 28, 2019**

**Via ECF**

Hon. Gregory H. Woods, USDJ
United States District Court, SDNY
500 Pearl Street, Courtroom: 9A
New York, NY 10007
Tel: 212-805-0296

                      **Re: Berrios v. Highline Building Services, LLC et al**
                            Case No. 17-CV-10233 (GHW)
                            Motion for Settlement Approval

Dear Judge Woods:

    My firm represents plaintiff Angel Berrios ("Plaintiff" or "Berrios") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Exhibit 1 is a copy of the settlement agreement signed by Plaintiff and defendant Strategic Outsourcing Inc.

    As is usually directed by the Court, we will address the factors for approval set forth in *Wolinsky v. Scholastic Inc.* 900 F.Supp.2d 332, 335 -336 (S.D.N.Y.,2012). In this regard, the court in *Wolinsky*, 900 F.Supp.2d at 335, stated in relevant part as follows:

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

    These factors are satisfied, and the settlement is fair and reasonable as more fully set forth below.

1

1. **Plaintiff's Recovery**

In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Plaintiff was employed by Defendants from in or around 2009 to in or around September 2017. The complaint in this action was filed on December 31, 2017. (See ECF No. 1).

The basis of Plaintiff's overtime claim is that he worked at two different hourly rates, but defendants failed to use the blended average hourly rate in the calculation of his overtime pay – thus resulting in an underpayment of overtime wages. Assuming, for settlement purposes only at this, that Defendant is correct that Plaintiff only began working two different jobs at different rates in 2016 and if we credit defendants' arguments that Plaintiff's overtime wages would be about $3000 based on the records produced by defendants. If defendants establish a good-faith defense, it may be able to avoid liquidated damages.

Assuming Plaintiff prevails on his wage notice and wage statement violations he could be entitled to another $10,000 maximum ($5,000 each) – the jurisprudence concerning these claims is unsettled and they are not covered by the FLSA. Plaintiff was provided with wage statements – there may be a technical dispute as to whether the wage statements were fully compliant. Defendants deny these allegations.

Under the settlement, Plaintiff is due to receive $18,333.34. (Ex. 1, 2(a)).

2. **Attorney's Fees**

Under the settlement, Plaintiff's counsel is due to receive a 1/3 contingency fee of $9,166.66[1]. Because the fee is a percentage fee and not an hourly fee based on the agreement and unanimous U.S. Supreme Court's decision in *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990), I have not submitted time records with this motion – if the Court nonetheless require such records, they will be provided promptly. See *Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman - approving 1/3 fees of $14, 826)("the Court sees no basis to

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel." While time is still accruing, the hourly retainer fees exceed the 1/3 contingency fee Plaintiff's counsel is due to receive in this case.

reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney.").

Plaintiff's counsel has received similar or higher contingency fees in other cases. See i.e *Tanooli v. Distinctive Maintenance Company Inc.*, Case No. 18-CV-04689, ECF No. 23 (Judge Caproni – October 19, 2018)(Approving a 1/3 contingency fee of $13,179 under Cheeks); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (Magistrate-Judge Peck - SDNY)(approving 1/3 fees of $23,080 under *Cheeks*); *Bumagin v. The Mount Sinai Medical Center, Inc.* et al, Case No.16-cv-08783, ECF No. 40, (SDNY – Judge Gorenstein)(1/3 fee of $14,000 under *Cheeks*); *Rivera v. Golden Krust Caribbean Bakery Inc.*, Case No. 16-cv-09219 (Magistrate-Judge Pitman) (1/3 fee of $16,666 under *Cheeks*); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – 1/3 fee under *Cheeks* of about $27,000); *Hosein v. Universal Elevator Inc. et al,* Case No. 17-cv-07597-(Judge Cogan)(approving a 1/3 percentage fee of $16,995 under *Cheeks*); *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94); *Gosyne v. Ace Inspection and Testing Services Inc. et al*, Case No. 17-CV-07364 (Magistrate-Judge Reyes - EDNY July 19, 2018)(approving a 1/3 fee of $14,700 under *Cheeks*); *Jones v. Bryant Park Market Event LLC*, 13-CV-1369, ECF Entry of 10/24/2016 (AJP - SDNY)(approving $4,000 in damages and $55,000 in fees and costs under *Cheeks*); *Kirkland v. ASA College, Inc. et al*, 16-cv-02908 (Magistrate-Judge Levy – EDNY)(1/3 fee of $12,978 under *Cheeks*); *Crockwell v. Richmond Hill Lumber & Supply Corp. et al*, Case No. 17-CV-05823 (PK) (approving a 1/3 contingency fee of $15,000 under Cheeks) (Magistrate-Judge Kuo – April 17, 2018); *Mena v. Disano Construction Co., Inc. et al*, Case No. 17-CV-04777 (Magistrate-Judge Kuo – April 5, 2018)(Approving a 1/3 contingency fee of $14,692 under Cheeks).

### 3. Avoidance of Burdens and Expenses

A very significant factor in the settlement outcome was the avoidance of litigation burdens and expenses. Continued litigation of the case will consume additional significant time and money on both sides. The need for Plaintiff to receive payment in an expeditious manner and for the parties to resolve their differences is also great.

### 4. Seriousness of Litigation Risks

There are real and serious litigation risks for both sides in this action. First, the amount of the settlement payment is not insignificant, especially in relation to the FLSA overtime wages. Moreover, there is also disagreement as to the hours worked and period of employment – because the amount Plaintiff is receiving under the settlement can reasonably be viewed as exceeding his damages in the case. As such, Plaintiff has little to gain and a lot to lose from further litigation.

### 5. Arms' Length Dealings

The settlement was the product of arms' length negotiation where the parties were represented by experienced attorneys in the area of wage and hour litigation. The settlement amount in relation to the claims and defenses, further confirms that the settlement was the product of arms' length negotiations.

We respectfully ask that this Honorable Court approve the settlement in this action as fair and reasonable.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:     Defense Counsel via ECF**